925 F.2d 1468
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel SALAS, Defendant-Appellant.
 No. 90-1132.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 14, 1991.
Decided Feb. 22, 1991.
 
 Before BAUER, Chief Judge, and CUMMINGS, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Defendant Samuel Salas appeals from a sentence imposed under the Sentencing Guidelines after he pleaded guilty to conspiring to possess with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. Sec. 846. Salas contends that U.S.S.G. Sec. 4B1.1 pertaining to career offenders violates due process by depriving judges of the power to impose individualized sentences and that a beyond a reasonable doubt standard of proof should apply at sentencing.
 
 
 2
 This court has recently addressed both issues and rejected them. In United States v. Pinto, 875 F.2d 143 (7th Cir.1989), the court held that the Guidelines do not violate the due process clause by diminishing sentencing judges' discretion to tailor sentences closely to the offense and the offender. Id. at 144-145. Every other court of appeals has agreed. United States v. Marshall, 908 F.2d 1312, 1321 n. 7 (7th Cir.1990) (en banc ) (collecting cases), cert. granted, 111 S.Ct. 579 (1990). This court has also consistently held that the Guidelines' standard for resolving factual disputes at sentencing is by a preponderance of the evidence and not beyond a reasonable doubt. United States v. Ross, 917 F.2d 997, 999 (7th Cir. Nov. 5, 1990); United States v. White, 888 F.2d 490, 499 (7th Cir.1989). "There is no Fifth Amendment right to a grand jury on sentencing facts, nor any Sixth Amendment right to a determination by a petit jury, nor due process requirement that they be established beyond a reasonable doubt, or even clear and convincing evidence." Ross, 917 F.2d at 998-999.
 
 
 3
 Because the only arguments that Salas raises have been foreclosed by recent decisions of this court, the sentence imposed by the district court must be
 
 
 4
 AFFIRMED.